UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:90CV-P54-GNS

**RONALD G. JOHNSON**                                                                                          **PETITIONER**

**v.**

**AL C. PARKE, WARDEN**                                                                                    **RESPONDENT**

## MEMORANDUM AND ORDER

This matter is before the Court on a *pro se* letter filed by Petitioner Ronald G. Johnson (DN 32).[1] In the letter, Johnson states that he has "for more than two (2) decades been held contrary to and in defiance of a writ of habeas corpus issued by your court at the time by Hon. Judge Heyburn." He states that he was found guilty by a jury in August 1985 by the Butler Circuit Court on counts of Murder, First Degree Robbery, and First Degree Burglary and sentenced to a term of Life for the murder conviction and 15 years each on the robbery and burglary convictions, all to run consecutively for a total sentence of Life and 30 years. He reports that he appealed his conviction, and the Kentucky Supreme Court affirmed. Johnson maintains that he then filed a petition for writ of habeas corpus in this Court, which was denied. However, he reports that he appealed to the Sixth Circuit Court of Appeals, which reversed and remanded the case to this Court directing this Court to grant the writ of habeas corpus subject to the right of the Commonwealth of Kentucky to retry him within a reasonable time.

Johnson states that this Court entered an Order stating, "A reasonable time has long since passed and the Commonwealth has not retried Petitioner nor has a trial date been set. If Petitioner is now incarcerated solely due to his unconstitutional conviction, he will be released on the effective date of this writ unless it is amended." He reports that this Court then entered an

---

[1] The letter was addressed to the Hon. Magistrate Judge H. Brent Brennstuhl and the Hon. Senior Judge John G. Heyburn II. It was filed in the docket of this action. The Court notes that the case was originally heard by Judge Heyburn but was transferred to the undersigned on December 2, 2015 (DN 34).

amended writ of habeas corpus on November 19, 1992, ordering that, "'pursuant to the mandate of the Sixth Circuit Court of Appeals, Petitioner be and is hereby granted a writ of habeas corpus and the Petitioner is discharged and released from incarceration for offenses solely arising out of his convictions in Butler Circuit Court on or about August 23, 1985.'"

> Johnson further states as follows:
>
> This Hon. Court issued the writ of habeas corpus discharging me from my August 23, 1985 convictions, which were the <u>only</u> charges that I was facing. In defiance to said writ, the Butler Circuit court, contrarily, "snatched up" my co-defendant (Vincent) and myself and re-tried us both after this mandate was issued to discharge me from my unconstitutional convictions of August 23, 1985. The retrial ended in another conviction but was appealed by the co-defendant, who was subsequently released and has been on the street several years. I did not re-appeal as I had already been granted a writ of habeas corpus, which, as stated previously, was defiantly disregarded by the Commonwealth.
>
> I have never been freed from my unconstitutional convictions and subsequent unconstitutional incarceration of August 23, 1985 under indictment no. 83-CR-018, as was ordered by the writ. As stated, retrial did take place in the Butler Circuit Court under and only for the very same charges that the writ of habeas corpus was issued upon, stating the Commonwealth no longer had authority to try me again.

(Emphasis by Johnson.) Johnson maintains, "I have never in my life seen a state trial judge so arbitrary as to defy a Federal Judge's mandate, however, that is exactly what occurred in this case." Johnson states that he "[r]espectfully request[s] your assistance in resolving this more than manifest injustice, or in the alternative advise me in which direction to turn for appropriate relief." The Court construes Johnson's letter as a motion requesting the Court to enforce a writ of habeas corpus.

Upon review of the docket in this case, an Order entered by the Sixth Circuit on May 17, 1994, clarifies this case's procedural history. The Sixth Circuit stated that after Johnson was tried and convicted in Butler County and his convictions were affirmed by the Kentucky

Supreme Court on direct appeal, Petitioner filed a petition for writ of habeas corpus in this Court.

The Sixth Circuit summarizes the procedural history of this case as follows:

> After the district court denied habeas relief initially, respondent conceded on appeal to this court that the writ should issue in light of this court's conditional grant of habeas relief to one of petitioner's co-defendants in *Vincent v. Parke*, 942 F.2d 989 (6th Cir. 1991). Thereafter, this court vacated the district court's judgment and remanded the case for further proceedings in light of *Vincent*. *Johnson v. Parke*, No. 91-6086, 1992 WL 27027 (6th Cir. February 14, 1992) (unpublished).
>
> No action had been taken when the petitioner moved for release from custody on September 4, 1992. On November 17, 1992, the district court issued a grant of the writ and directed petitioner's release from custody insofar as the custody was based on the August 1985 convictions. On November 19, 1992, the district court amended its judgment to clarify that only petitioner's incarceration pursuant to the 1985 Butler Circuit Court convictions was affected by the grant of the writ. Petitioner again moved for release from custody on December 15, 1992. Thereafter, petitioner was retried before a jury and again was convicted of all charges in the Butler Circuit Court in February 1993. On February 19, 1993, petitioner was sentenced to consecutive sentences of life imprisonment, 15 years of imprisonment, and 15 years of imprisonment. The state responded in opposition to petitioner's motion for release from custody on June 9, 1993.
>
> Next, petitioner filed a motion for release from custody citing Fed. R. Civ. P. 60(b)(1), (5), and (6) in which he asserted that an unconditional writ should issue because he was not retried within a reasonable time. The district court denied as without merit both petitioner's pending motion for release from custody and petitioner's motion for Fed. R. Civ. P. 60(b) relief. Petitioner filed a timely notice of appeal taken from the district court's order denying Fed. R. Civ. P. 60(b) relief.
>
> Upon consideration, we conclude that the district court did not abuse its discretion in denying petitioner's motion for relief from judgment. *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (per curiam); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991). First, petitioner's motion does not state a valid reason for relief from judgment under any subsection of Rule 60(b). Second, to the extent that petitioner seeks to challenge the validity of his current custody, he must do so by separate habeas proceeding following exhaustion of state court remedies. Therefore, the district court did not abuse its discretion in denying petitioner's motion.

(DN 30).

Therefore, it is evident that Johnson is not being held "contrary to and in defiance" of a writ of habeas corpus entered in this case as he suggests. Moreover, Petitioner previously raised his argument that he was not retried within a reasonable time, and this Court rejected the argument and was upheld by the Sixth Circuit. The Court notes that Johnson filed a subsequent habeas corpus action in this Court, *Johnson v. Chandler*, Civil Action No. 1:98CV-64-JHM. However, the docket shows that that action was dismissed as barred by the applicable statute of limitations.

As Johnson is not in fact being incarcerated contrary to a writ of habeas corpus, he is not entitled to relief. Accordingly,

**IT IS ORDERED** that the motion to enforce a writ of habeas corpus (DN 32) is **DENIED**.

As a courtesy, the Court **DIRECTS** the Clerk of Court to send Johnson a copy of the Sixth Circuit's May 17, 1994 Order (DN 30).

To the extent Johnson requests the Court to "advise me in which direction to turn for appropriate relief[,]" the Court is not permitted to give him legal advice. However, the Clerk of Court is **DIRECTED** to send him the Court's 28 U.S.C. § 2254 motion form should he choose to use it.

Date: June 16, 2016

Greg N. Stivers, Judge
United States District Court

cc: Ronald G. Johnson, *pro se*
4416.010

4